IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re ERIC C. FEDEWA, )<br>)<br>Debtor. )<br>)<br>──────────────────────── )<br>)<br>ERIC C. FEDEWA and RITIKA FEDEWA, )<br>)<br>Appellants, )<br>)<br>v. )<br>)<br>JPMORGAN CHASE BANK, N.A., et al., )<br>)<br>Appellees. )<br>)<br>) | 1:20-cv-446 (LMB/MSN) ✓<br><br>18-12295-KHK |

CONSOLIDATED WITH:

| | |
|---|---|
| In re ERIC C. FEDEWA, )<br>)<br>Debtor. )<br>)<br>──────────────────────── )<br>)<br>ERIC C. FEDEWA and RITIKA FEDEWA, )<br>)<br>Appellants, )<br>)<br>v. )<br>)<br>JPMORGAN CHASE BANK, N.A., et al., )<br>)<br>Appellees. )<br>) | 1:20-cv-447 (LMB/MSN)<br><br>18-12295-KHK |

MEMORANDUM OPINION

Debtor Eric C. Fedewa ("Eric") and his wife Ritika Fedewa ("Ritika") (collectively, "appellants") have filed two appeals from decisions of the bankruptcy court, which have been consolidated because of the overlap of facts and legal issues. In the first appeal, docketed as No.

1:20-cv-446, they have appealed the bankruptcy court's dismissal of their adversarial proceeding on res judicata grounds, and the denial of a motion for reconsideration of the dismissal. In the second appeal, docketed as No. 1:20-cv-447, they have appealed the bankruptcy's court's denial of their motion to remand the same adversarial proceeding to state court. For the reasons that follow, the bankruptcy court's orders will be affirmed.

## I. BACKGROUND

On March 3, 2006, appellants entered into a mortgage-loan with Washington Mutual Bank, F.A. ("Washington Mutual") in connection with their purchase of real property located in McLean, Virginia ("the Property"). Fedewa v. J.P. Morgan Chase Bank, N.A., No. 1:12-cv-1452, at 2 (E.D. Va. Jan. 29, 2013). As security for the loan, appellants executed a Note in the amount of $3,290,000, backed by a deed of trust. Id. In 2008, Washington Mutual was placed into the receivership of the Federal Deposit Insurance Corporation ("FDIC"), which later sold Washington Mutual's assets and liabilities—including appellants' Note—to JPMorgan Chase Bank, N.A. ("Chase"). By 2012, appellants had fallen into default on the loan, and Chase appointed Professional Foreclosure Corporation of Virginia ("PFC") as trustee with instructions to foreclose on the property pursuant to the deed of trust. Id. at 2-3. A foreclosure sale was scheduled for November 27, 2012. Id.

On November 21, 2012, appellants filed a civil action against Chase and PFC in the Circuit Court of Fairfax County, which Chase promptly removed to federal court. Although the Complaint made vague allegations that the defendants had breached the loan agreement and violated the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"), it was at heart a "show-me-the-note" action, in which appellants claimed that Chase could not foreclose on their property because it had offered no proof that it was the holder of the

2

Note. Complaint [Dkt. No. 101] at ¶¶9-11, No. 1:12-cv-1452 (E.D. Va. Nov. 21, 2012). The court dismissed appellants' complaint with prejudice because Virginia is a non-judicial foreclosure state and does not require the holder of a note to "furnish verification that they are in possession of the original Note" in order to enforce it. Mem. Op. [Dkt. No. 11] at 9, No. 1:12-cv-1452 (citing Gallant v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714, 721 (W.D. Va. 2011)). Appellants did not appeal the dismissal of their 2012 Complaint.

On August 24, 2015, shortly before the rescheduled foreclosure was to take place, appellants transferred title of the Property to Founders Ridge Holdings, LLC for no consideration. Fairfax County Record of Sale [Dkt. No. 30-7], In re Founders Ridge Holdings, LLC, No. 15-12928-BFK (Bankr. E.D. Va. Oct. 5, 2015). That same day, Founders Ridge Holdings, LLC filed a voluntary petition for Chapter 11 bankruptcy protections. On November 2, 2015, the bankruptcy court granted Chase's motion for relief from the automatic stay, finding that the Property lacked equity and had been conveyed by appellants "in a bad faith attempt to hinder [Chase's] foreclosure sale of the Property." Order [Dkt. No. 36] at 1, No. 15-12928-BFK (Bankr. E.D. Va. Nov. 2, 2015). On December 21, 2015, the bankruptcy court dismissed the petition with prejudice. Order [Dkt. No. 44], No. 15-12928-BFK (Bankr. E.D. Va. Dec. 21, 2015). No appeal was filed.

On June 29, 2018, Eric Fedewa filed a Chapter 13 voluntary petition in a new bankruptcy action. Petition [Dkt. No. 1], In re Fedewa, No. 18-12295-KHK (Bankr. E.D. Va. June 29, 2018). Chase moved for in rem relief from the automatic stay, naming both Eric and Ritika as respondents. Chase cited the fact that Eric had filed the bankruptcy petition within a few days of the re-rescheduled foreclosure, and that his "repeated bankruptcy filings in close proximity to scheduled foreclosure sales demonstrate an abuse of the bankruptcy process designed to frustrate

3

[Chase's] efforts to pursue its remedies related to the property." Motion for In Rem Relief [Dkt. No. 14] at 3, No. 18-12295-KHK (Bankr. E.D. Va. July 10, 2018). After a hearing, the court granted the motion ("2018 Lift Stay Order"), finding that Eric had conceded that there was no equity in the property and that the petition had been "filed in bad faith in an effort to hinder and delay creditors, including Chase." Order [Dkt. No. 33] at 2, No. 18-12295-KHK (Bankr. E.D. Va. Aug. 17, 2018). The court later converted the action to one under Chapter 7 of the Bankruptcy Code, reiterating its earlier finding that the petition was filed in bad faith. Order [Dkt. No. 57], No. 18-12295-KHK (Bankr. E.D. Va. Oct. 19, 2018). Eric did not appeal either order. Instead, on September 21, 2018, he and his wife filed an adversarial complaint ("2018 Complaint") in the Circuit Court of Fairfax County, naming Chase and Samuel I. White, P.C. ("SIWPC"), which had taken over the role of trustee in Chase's more recent efforts to foreclose on appellants' property. Chase removed the complaint to bankruptcy court on the grounds that Eric was at that time still involved in the Chapter 13 proceedings and his "interest in the Property and the Circuit Court Action [was] property of the estate." Notice of Removal [Dkt. No. 1] at 2, In re Fedewa, No. 18-01101-KHK (Bankr. E.D. Va. Sept. 21, 2018).

In their 2018 Complaint, appellants alleged 12 counts, including breaches of the loan agreement, breach of fiduciary duty, breach of the implied duty of good faith and fair dealing, negligence, and various violations of RESPA and TILA. Appellants also asked the court to quiet title to the Property and enter a declaratory judgment that Chase had no right or interest in the Note and that SIWPC was not a validly appointed trustee. Id. at [Dkt. No. 1-1]. After Chase filed a motion to dismiss the 2018 Complaint, but before the bankruptcy court ruled on the motion, Ritika voluntarily dismissed her claims, citing that she had filed an unsuccessful motion for remand on the grounds that she was not a debtor in the bankruptcy proceeding that had provided

4

the basis for removal. Notice of Voluntary Dismissal [Dkt. No. 42] at 1-2, No. 18-01101-KHK (Bankr. E.D. Va. Feb. 4, 2018).

The bankruptcy court granted Chase's motion to dismiss ("2018 Dismissal Order"), finding that "the Complaint is baseless." Order [Dkt. No. 50] at 4, No. 18-01101-KHK (Bankr. E.D. Va. Feb. 26, 2018). In arriving at this conclusion, the Court took judicial notice of appellants' extensive litigation history, including the 2013 dismissal of their complaint in the Eastern District of Virginia, the 2015 finding that the Founders Ridge Holdings, LLC bankruptcy petition was filed in bad faith, and the similar 2018 finding of bad faith in relation to Eric's bankruptcy petition. Id. at 2-3. Both Ritika and Eric noticed appeals of the court's dismissal order (even though Ritika had already voluntarily dismissed her claims before the order issued). Eric's appeal was dismissed after he failed to file a brief despite having been granted numerous extensions of time in which to do so, Fedewa v. JPMorgan Chase Bank, N.A., No. 1:19-cv-280 (E.D. Va. June 27, 2019); Ritika's appeal was likewise dismissed because the Court found that she had abandoned the appeal. Fedewa v. JPMorgan Chase Bank, N.A., No. 1:19-cv-287 (E.D. Va. May 29, 2019). No appeal was taken from those decisions.

While the 2018 Complaint was pending and before her voluntary dismissal, Ritika also filed another adversarial complaint in Fairfax County Circuit Court, which Chase removed to federal district court. Notice of Removal [Dkt. No. 1], Fedewa v. JPMorgan Chase Bank, N.A., No. 1:18-cv-1520 (E.D. Va. Dec. 7, 2018). In that complaint, she claimed two violations of RESPA, both relating to an alleged failure by Chase to respond to Qualified Written Requests and Notices of Error in a timely fashion. Id. at Exhibit B ¶¶ 21-26, 27-30. Finding that Chase had responded within the statutory time limits, the district court dismissed the complaint. Order [Dkt. No. 12], No. 1:18-cv-1520 (E.D. Va. Feb. 7, 2019). Ritika did not appeal the dismissal.

On September 11, 2019, appellants filed yet another adversarial complaint in Fairfax County ("2019 Complaint"), again naming Chase and SIWPC, but this time adding Vemanas Investments, LLC ("Vemanas") and SV Properties, LLC ("SV"), the parties who had purchased the Property when the foreclosure sale finally took place on November 12, 2018. Defendants removed the action, citing the bankruptcy court's authority to enforce its 2018 Dismissal Order. Notice of Removal [Dkt. No. 1], Fedewa v. JPMorgan Chase Bank, N.A., No. 19-01105-KHK (Bankr. E.D. Va. Nov. 12, 2019). The 2019 Complaint alleged seven counts: I) rescission based on breach of the deed of trust; II) damages for breach of the deed of trust; III) rescission based on "purported foreclosure by stranger to deed of trust"; IV) tortious interference against Chase; V) tortious interference against SIWPC; VI) breach of fiduciary duty by SIWPC; and VII) breach of the implied covenant of good faith and fair dealing. The defendants moved to dismiss, arguing that the action was precluded under the doctrine of res judicata by the 2018 Dismissal Order. After Chase moved to dismiss, Eric filed a motion to remand the complaint back to state court, arguing that the bankruptcy court lacked jurisdiction and that the "Chapter 11 estate [did] not have any interest in or connection to" the complaint. Motion to Remand [Dkt. No. 14] at 2, No. 19-01105-KHK (Bankr. E.D. Va. Dec. 10, 2019).

The bankruptcy court held a hearing on the motion to dismiss and the motion to remand. Hearing Transcript [Dkt. No. 37], No. 19-01105-KHK (Bankr. E.D. Va. Dec. 23, 2019). From the bench, the bankruptcy court denied the motion to remand, finding that "the Court does have jurisdiction to interpret and enforce its own prior orders," and that the claim "is still property of the estate." Id. at 14-15. The bankruptcy court also agreed with the defendants that res judicata applied to the 2019 Complaint, finding that the issues raised in each count were the same as those raised in the 2018 Complaint. Id. at 23-26. After the hearing, the bankruptcy court entered

6

orders reflecting its oral rulings ("Denial of Remand" and "2019 Dismissal Order"). [Dkt. No. 45], No. 19-01105-KHK (Bankr. E.D. Va. Jan. 7, 2020); [Dkt. No. 41], No. 19-01105-KHK (Bankr. E.D. Va. Jan. 3, 2020). In the 2019 Dismissal Order, the bankruptcy court cited as bases for res judicata the 2018 Dismissal Order and "other orders entered in ... Eric Fedewa's bankruptcy case, including the [2018] Lift Stay Order." Id. at 3. The bankruptcy court also found that the 2019 Complaint had failed to state a claim upon which relief could be granted. Id. at 3-4.

Appellants filed motions for reconsideration of the Denial of Remand[1] and the 2019 Dismissal Order, which were argued at a single hearing on April 7, 2020. The bankruptcy court denied both motions from the bench, first holding that reconsideration is "limited to circumstances where there is an intervening change of law, or to account for new evidence not available at trial, or to correct a clear error or prevent manifest injustice," and then finding that "[n]one of these circumstances are present" with respect to either motion. Transcript [Dkt. No. 73] at 11, 17, No. 19-01105-KHK (Bankr. E.D. Va. Apr. 14, 2020). The next day, the bankruptcy court issued orders memorializing its oral rulings. [Dkt. Nos. 69, 70], No. 19-01105-KHK (Bankr. E.D. Va. Apr. 8, 2020). Appellants have appealed the 2019 Dismissal Order, the Denial of Remand, and the denial of both motions for reconsideration to this Court.

II. DISCUSSION

Appellants argue both that the application of res judicata to the 2019 Complaint was improper, and that the bankruptcy court erred in finding that the 2019 Complaint failed to state a

---

[1] Appellants captioned their motion to reconsider the Denial of Remand as "Motion for Additional and/or Amended Findings of Fact, New Trial and/or Amendment Order." [Dkt. No. 51], No. 19-01105-KHK (Bankr. E.D. Va. Jan. 21, 2020). The motion raised the same arguments as the motion for remand, and the only relief requested was that the bankruptcy court "remand this adversary case to the circuit court of Fairfax County, and ... provide such other and further relief as it deems appropriate." Id. at 7. The bankruptcy court correctly treated this motion as one for reconsideration under Fed. R. Civ. P. 59.

7

claim on which relief could be granted. See [Dkt. No. 20] at 14. Because the Court finds that the res judicata issue is decisive, it does not need to reach appellants' Rule 12(b)(6) arguments.

### A. Standard of Review

"On appeal, a district court reviews a bankruptcy court's findings of fact under the clearly erroneous standard; the bankruptcy court's conclusions of law are reviewed de novo." Finnie v. First Union Nat'l Bank, 275 B.R. 743, 745 (E.D. Va. 2002). A dismissal based on res judicata involves a legal conclusion, and is reviewed de novo. Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A., 816 F.3d 273, 276 (4th Cir. 2016) ("We review de novo the district court's dismissal based on res judicata."); see also In re Highland Constr. Mgmt. Servs., LP, 569 B.R. 673, 680 (E.D. Va. 2017).

When a civil action is removed to bankruptcy court pursuant to 28 U.S.C. § 1452, the "decision to remand is committed to the sound discretion of the bankruptcy judge and is reviewed for abuse of discretion." In re Minor Family Hotels, LLC, No. 3:10-cv-62, 2010 WL 5141335, at *2 (W.D. Va. Dec. 10, 2010).

### B. 2019 Dismissal Order

Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). "The doctrine of res judicata encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002). Unlike the narrower doctrine of issue preclusion, which applies only to issues that were actually adjudicated in an earlier proceeding, the "[r]ules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not

8

only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996).

For res judicata to apply, three elements must be met: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Pueschel v. United States, 369 F.3d 345, 354-55 (4th Cir. 2004). Appellants do not dispute that the 2018 Dismissal Order with prejudice was a final judgment on the merits. Instead, they argue that there is no identity between the 2018 and 2019 causes of action, because "when [the] earlier case was decided, no foreclosure had taken place." [Dkt. No. 20] at 17. They also argue that Ritika's 2019 claims cannot be precluded because her voluntary dismissal from the 2018 action means that there is no identity of parties between the suits. For the reasons below, neither argument is persuasive.

1. Identity Between Causes of Action

There is an identity between causes of action when the claims asserted in each "arise out of the same transaction or series of transactions or the same core of operative facts." Pueschel v., 369 F.3d at 354-55 (quotation marks and citations omitted). There can be little doubt that the claims in the 2018 and 2019 Complaints arise out of the same core of operative facts. In the 2018 Complaint, appellants alleged that Chase was liable for breach of contract because it failed to comply with the notice requirements contained in Paragraph 22 of the loan agreement. Id. at ¶¶ 46-48. Counts I, II, and VI of the 2019 Complaint likewise rely on allegations that Chase violated Paragraph 22 of the loan agreement. Id. at ¶¶ 12-21, 63-68. Count III of the 2018 Complaint asks for a declaratory judgment that SIWPC was not validly appointed as substitute trustee. Id. at ¶¶ 61-69. Counts III, IV, and V of the 2019 Complaint also claim that SIWPC was not validly appointed as substitute trustee. Id. at ¶¶ 43-62. Count X of the 2018 Complaint

9

alleged breach of fiduciary duty by SIWPC, id. at ¶¶ 114-120; Count VI of the 2019 Complaint alleges breach of fiduciary duty by SIWPC (for proceeding with a foreclosure in spite of Chase's alleged breaches of Paragraph 22.) Id. at ¶¶ 63-68. Finally, Count XII of the 2018 Complaint alleged that Chase breached its implied duty of good faith and fair dealing, id. at ¶¶ 132-139, and the 2019 Complaint made the same allegation, again based on claimed breaches of Paragraph 22. Id. at ¶¶ 71. To the extent there are fine-grained distinctions between the legal theories alleged in 2018 versus 2019, it makes no difference for claim preclusion, which applies equally to every claim actually litigated and to related "claim[s] that might have been presented" in the earlier proceeding but were not. In re Varat Enters., 81 F.3d at 1315.

Appellants argue that the claims in the 2019 Complaint are not precluded by the 2018 Complaint, "[b]ecause the earlier dismissals were ordered before any foreclosure took place," and therefore "those decisions could not constitute issue preclusion as to the later foreclosure and the claims by the Fedewas challenging the validity of that foreclosure." [Dkt. No. 20] at 18. That argument is both factually and legally incorrect. The foreclosure sale actually took place on November 18, 2018, while the 2018 Complaint was still pending. See 2019 Complaint at ¶ 24. More importantly, the conduct alleged in the 2019 Complaint occurred well before both the foreclosure and the filing of the 2018 Complaint. The alleged breach of Paragraph 22 of the loan agreement—which is the basis for Counts I, II, VI, and VII of the 2019 Complaint—is based on the purported deficiencies of a document dated January 14, 2014. Id. at ¶ 16. Similarly, the documents appointing SIWPC as substitute trustee, which appellants claim are invalid, were executed on October 13, 2014. Id. at Exhibit F. In fact, the 2019 Complaint repeatedly alleges that appellees were "on notice" of the claimed breach of Paragraph 22 and invalid appointment of substitute trustee, because the allegations were included in the 2018 Complaint. See id. at

10

¶¶ 21, 23, 26, 49. These references to the 2018 Complaint demonstrate that the 2019 Complaint is based on the same transactions, and is therefore precluded by the earlier dismissal.

The three Virginia Supreme Court cases cited by appellants do not lead to a contrary conclusion. None of the three cases involves either res judicata or collateral estoppel. See [Dkt. No. 20] at 17-18. The first, Gee v. McCormick, involved a sale of a decedent's land to satisfy debts, and the portion quoted by appellants only states that no such sale should have taken place before the estate was administered. 142 Va. 173, 186-87 (1925). The next, Henderson v. Foster, relays the uncontroversial position that "an action at law cannot be maintained before the cause of action matured," which is irrelevant given that appellants did not base the 2019 Complaint on any conduct that took place during or after the 2018 foreclosure. 139 Va. 543, 562 (1924). The last, Keyser v. Renner, is offered by appellants for the proposition that when a plaintiff brings a suit prematurely, the action can be dismissed "without prejudice to the right of the real claimant to prosecute his lawful demand, if any." 87 Va. 249, 250 (1890). Unlike in Keyser, the 2018 Complaint was not dismissed without prejudice for lack of ripeness; it was dismissed with prejudice because the court found it to be "baseless" in light of appellants' long history of bad faith litigation involving the Property. Order [Dkt. No. 50] at 4, No. 18-01101-KHK (Bankr. E.D. Va. Feb. 26, 2018). If appellants wished to challenge that determination, their proper course of action would have been to appeal the 2018 Dismissal Order,[2] not to file essentially the same complaint several months later and hope for a more favorable outcome.

---

[2] Appellants actually did notice appeals of the 2018 Dismissal Order; however, both appeals were dismissed because they were abandoned by appellants before any briefing on the merits took place. See Fedewa v. JPMorgan Chase Bank, N.A., No. 1:19-cv-280 (E.D. Va. June 27, 2019); Fedewa v. JPMorgan Chase Bank, N.A., No. 1:19-cv-287 (E.D. Va. May 29, 2019).

11

2. <u>Identity Between the Parties</u>

<u>Res judicata</u> applies when there is identity between the parties, meaning that the same parties or their privies are involved in both the earlier and later adjudication. <u>Pueschel</u>, 369 F.3d at 354-55. Appellants argue that even if Eric's claims are precluded, Ritika's should not be, because she took a voluntary dismissal without prejudice before the 2018 Complaint was dismissed. They also argue that the 2018 Lift Stay Order issued in Eric's Chapter 13 bankruptcy proceeding, which the Dismissal Order cited as an alternative basis for preclusion and which named Ritika as a party, should not have preclusive effect as a matter of law.

Although Ritika had voluntarily dismissed her claims in the 2018 Complaint before the complaint was dismissed, she is in privity with Eric as to the Property and is therefore precluded from re-raising his dismissed claims in a new action. "The touchstone of privity for purposes of <u>res judicata</u> is that a party's interest is so identical with another that representation by one party is representation of the other's legal right." <u>State Water Control Bd. v. Smithfield Foods, Inc.</u>, 261 Va. 209, 214 (2001). Although the existence of privity is a case-by-case inquiry, "Virginia courts typically find privity when the parties share a contractual relationship, owe some kind of legal duty to each other, or have another legal relationship such as co-ownership." <u>Columbia Gas Transmission, LLC v. David N. Martin Revocable Tr.</u>, 833 F. Supp. 2d 552, 558 (E.D. Va. 2011).

Courts have repeatedly found that spouses who are co-owners of property are in privity in actions involving the property. For instance, in <u>Tarhawi v. Ocwen Loan Servicing</u>, the court considered the preclusive effect of earlier orders on the "latest in a round of judicial challenges to the foreclosure" of a married couple's home. No. 1:14-cv-1028, 2014 WL 4678337, at *1 (E.D. Va. Sept. 18, 2014). Although all the previous actions had been filed in the husband's name, the

court nevertheless found that the wife's claims were precluded because they were co-owners of the property, and the wife "would have benefitted to the same extent as [the husband] had [he] succeeded in the prior actions." Id. at *4; see also Kesler v. Fentress, 223 Va. 14, 17 (1982) (holding that prior trespass action by husband was preclusive against non-party wife because "in the joint ownership of their land as husband and wife, ... [the husband] was [the wife's] privy and legally represented her interest following her dismissal from the action"). The logic of Tarhawi and Kesler is equally applicable here: Eric and Ritika were co-owners of the property, with the same interests at stake in the earlier actions, and Ritika would have benefited to the same extent as her husband had the 2018 Complaint succeeded. Accordingly, the Court finds that Ritika was in privity with her husband with respect to the Property, and that the dismissal of the 2018 Complaint precluded her from filing claims that should have been raised in that earlier proceeding.

Moreover, both Ritika and Eric were named as parties in the 2018 Lift Stay Order, in which the bankruptcy court found that appellants lacked equity in the property and had filed the bankruptcy petition in bad faith "in an effort to hinder and delay creditors, including Chase." Id. at 2; see, e.g., In re Herndon, 218 B.R. 821, 825 (Bankr. E.D. Va. 1998) (identifying bad faith as grounds for dismissal). As Chase correctly argues, appellants could have raised the alleged violations of the loan agreement and invalid appointment of SIWPC in response to the motion to lift stay, but chose not to, and can therefore be precluded from resurrecting those claims in later litigation. [Dkt. No. 12] at 16-17. Appellants seek to avoid the preclusive effect of the bankruptcy court's finding of bad faith, arguing that "[c]ourts are reluctant to find" lift stay orders preclusive given that they often result from "quick, summary" proceedings. [Dkt. No. 20] at 16 (quoting Canterbury v. J.P. Morgan Mortg. Acquisition Corp., No. 3:10-cv-54, 2010 WL

13

5314543, at *2 (W.D. Va. Dec. 20, 2010)). The problem for appellants is that the language they quote from Canterbury states a rule of thumb rather than a rule of law, and the court went on to explain that "under extraordinary circumstances, a lift stay proceeding, coupled with other events, may provide the basis for res judicata." Id. at *3. When the bankruptcy court issued the 2018 Lift Stay Order, appellants had already had one adversarial complaint and one bankruptcy petition dismissed as unfounded attempts to avoid foreclosure. The bankruptcy court had also reviewed a full briefing of the motion to lift stay, and held a hearing at which Eric testified. See 2018 Lift Stay Order at 1-2. In light of appellants' past abusive litigation and the thorough consideration given to the 2018 Lift Stay Order, the bankruptcy court was entirely justified in considering it preclusive as to the 2019 Complaint.

The fundamental purpose of the doctrine of res judicata is to ensure that "a litigant only gets one bite at the apple to try a case." Columbia Gas, 833 F. Supp. 2d at 557. Before they filed the 2019 Complaint, appellants had already unsuccessfully challenged Chase's authority to foreclose on their home in at least five separate proceedings; the bankruptcy court was not required to give them a sixth bite at the same apple. Accordingly, the decisions of the bankruptcy court to dismiss the 2019 Complaint will be affirmed.

## C. Denial of Remand

Removal of a civil action to bankruptcy court is appropriate when the bankruptcy court "has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Under § 1334, a bankruptcy court "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The Supreme Court has held that the jurisdiction of bankruptcy courts "plainly" includes "jurisdiction to interpret and enforce its own prior orders." Travelers Indem.

14

Co. v. Bailey, 557 U.S. 137, 151 (2009). When Chase removed the 2019 Complaint to the bankruptcy court, it specifically invoked this basis for jurisdiction: "Chase believes that the claims and causes of action set forth in the [2019 Complaint] are barred by this Court's [2018 Dismissal Order] on the basis of res judicata and similar theories ... this Court has inherent authority to enforce its prior orders." Notice of Removal [Dkt. No. 1] at 2, No. 19-01105-KHK (Bankr. E.D. Va. Nov. 12, 2019). The bankruptcy court cited this "jurisdiction to interpret and enforce its own prior orders" when denying the motion for remand, explaining that the need to enforce the earlier dismissal order created "arising-in jurisdiction" under § 1334(b). Transcript [Dkt. No. 37] at 14-15, No. 19-01105-KHK (Bankr. E.D. Va. Dec. 23, 2019). In light of the well-established principle that bankruptcy courts may enforce their own prior orders, the Court finds that the bankruptcy court did not abuse its discretion by exercising jurisdiction for that purpose.[3] Because the bankruptcy court need not have multiple grounds for jurisdiction over the same matter, it is not necessary to decide whether the claims alleged in the 2019 Complaint were property of Eric's bankruptcy estate. See [Dkt. No. 12] at 11-13.

Appellants argue that even if the bankruptcy court had proper subject-matter jurisdiction, it still should have remanded the matter because "the equitable factors courts customarily employ heavily favor remand." Id. at 15; see 28 U.S.C. § 1452(b) ("The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."). Specifically, appellants argue that by their count, more of the equitable considerations identified by the court in In re Ahearn favor remand than not, and so the bankruptcy court erred. [Dkt. No.

---

[3] Appellants argue the bankruptcy court could not have exercised jurisdiction over Ritika to enforce the 2018 Dismissal Order because Ritika was not party to that order. [Dkt. No. 12] at 15. That argument fails for the same reasons described with respect to res judicata: Ritika was in privity with her husband as a co-owner of the Property.

15

15] at 13 (quoting 318 B.R. 638, 644 (Bankr E.D. Va. 2003)). There are several problems with this argument. First, Ahearn suggests different sets of factors for determining permissive abstention and for remand; appellants have conducted their analysis based on the factors relevant to permissive abstention. Compare id. at 643 with id. at 644. Second, the factors which Ahearn does identify as relevant to remand[4] are neither exhaustive nor exclusive; the court describes them only as "[s]ome equitable factors considered by courts" under § 1452(b).

As Chase correctly argues, "Nothing in the case law suggests that the Bankruptcy Court was simply required to count the number of Ahearn factors on each side of the ledger." [Dkt. No. 8] at 16; instead, the record shows that the bankruptcy court did exactly as Ahearn suggests by considering the equities applicable to the matter at hand. In denying the motion to remand, the bankruptcy court cited its own "thorough familiar[ity] with the defendant and with the debtor and his litigation history"; its "considerable expertise in assessing whether a creditor has a right to proceed under a deed of trust"; and "the preservation of judicial resources" accomplished because it had "already considered similar claims in a prior adversary proceeding with the same parties." Transcript [Dkt. No. 37] at 15-16, No. 19-01105-KHK (Bankr. E.D. Va. Dec. 23, 2019). The bankruptcy court did not abuse its discretion by giving particular weight to appellants' litigation history and its own extensive experience with the facts and parties involved.

### D. Reconsideration

Federal Rule of Civil Procedure 59—as incorporated by Bankruptcy Rule 9023—permits a court to amend a judgment under three circumstances: 1) in response to an intervening change

---

[4] The Ahearn factors relevant to remand are: "the court's duty to decide matters properly before it; ... whether purely state law matters which could be better addressed by the state court are involved; ... prejudice to involuntarily removed parties; ... comity considerations; ... economical and/or duplicative use of judicial resources; ... effect a remand decision would have on the efficient and economic administration of the estate." Id. at 643 (citations omitted).

in law; 2) in response to previously unavailable evidence; or 3) "to correct a clear error of law or prevent a manifest injustice." In re Perdomo, No. 19-10812, 2020 WL 7133546, at *3 (Bankr. E.D. Va. Nov. 25, 2020) (citing Braustein v. Pickens, 406 F. App'x 791, 798 (4th Cir. 2011)). Rule 54 limits reconsideration of interlocutory orders to the same three circumstances. See U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC, 899 F.3d 236, 256-57 (4th Cir. 2018). "[O]n appeal a district court reviews a bankruptcy court's order on a Rule 59(e) motion for abuse of discretion, unless the underlying order to which the Rule 59 motion applies is a ruling on a pure question of law, in which case the Court should review the order denying reconsideration de novo." In re Mitrano, 409 B.R. 812, 820 (E.D. Va. 2009).

As explained above, the bankruptcy court acted properly when it found that the 2019 Complaint was precluded by the 2018 Dismissal Order, and the bankruptcy court found that appellants' motion to reconsider that Order "relie[d] largely on arguments already raised and argued in their opposition to the motion to dismiss," which were "already fully briefed, argued, and considered" by that court. Transcript [Dkt. No. 73] at 12-13, No. 19-1105 (Bankr. E.D. Va. Apr. 14, 2020). Nowhere in their motion or at oral argument before the bankruptcy court did appellants identify any change in law, any facts which the bankruptcy court lacked access to when it made its ruling, or any factors suggesting that it would be manifestly unjust to deny them yet another round of litigation on the same claims. See id.; Motion for Reconsideration [Dkt. Nos. 48, 48-1], No. 19-1105 (Bankr. E.D. Va. Jan. 17, 2020). Accordingly, the bankruptcy court's denial of that motion will be affirmed.

Appellant's motion to reconsider the Denial of Remand fares no better. Again, the motion merely repackaged arguments that the bankruptcy court had already considered and rejected when it denied the motion to remand. See Motion for Reconsideration [Dkt. No. 51], No. 19-

17

01105-KHK (Bankr. E.D. Va. Jan. 21, 2020). Appellants failed to reference the standard for granting a Rule 59 motion, much less point to any change in law, new evidence, or manifest injustice that would satisfy that standard as applied to their motion. Because the bankruptcy court specifically found that "none of the[ ] circumstances" justifying reconsideration were present, it did not abuse its discretion in denying reconsideration of the Denial of Remand.

### III. CONCLUSION

Accordingly, and for the reasons stated above, the bankruptcy court's 2019 Dismissal Order, the Order denying remand, and the Orders denying reconsideration will be affirmed by Orders to be issued with this Memorandum Opinion.[5]

Entered this 21st day of January, 2021.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

---

[5] Although the parties have been represented by different counsel (and at times unrepresented) during the various stages of the decade-long litigation related to the Property, they have been represented by present counsel in Eric's Chapter 13 bankruptcy petition and this appeal. Both appellants and their counsel are advised that continued meritless litigation may expose them to sanctions for wasting federal and state judicial resources at a time when such resources are scarce.